IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELINDA BELMODIS, | ) | CIVIL NO. 20-00443 JAO-RT |
| | ) | |
| Plaintiff, | ) | SECOND ORDER TO SHOW CAUSE |
| | ) | WHY THIS ACTION SHOULD NOT BE |
| vs. | ) | DISMISSED WITHOUT PREJUDICE |
| | ) | |
| TEVA PHARMACEUTICALS USA, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## **SECOND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On October 15, 2020, this Court issued an Order to Show Cause Why This Action Should Not Be Dismissed without Prejudice ("OSC").[1] ECF No. 9. The Court observed that Plaintiff Melinda Belmodis' October 14, 2020 Complaint, ECF No. 2, which asserted diversity jurisdiction as the basis for subject matter jurisdiction in this action, *id.* ¶ 28, failed to properly allege the citizenships of each Defendant. Plaintiff responded to the OSC ("Response"), *see* ECF No. 13, and filed a First Amended Complaint ("FAC"), *see* ECF No. 12.

---

[1] The legal standard associated with the Court's independent obligation to determine whether subject matter jurisdiction exists was addressed in the Court's OSC. *See* ECF No. 9 at 1–2.

The OSC noted that Plaintiff failed to identify the principal places of business of corporate Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA"), Teva Women's Health, Inc. ("TWH, Inc."), The Cooper Companies, Inc., and CooperSurgical, Inc. (collectively, the "Cooper Defendants"). ECF No. 9 at 3. As explained in the OSC, it is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). A corporation's "headquarters" is not necessarily the corporation's "principal place of business" or "nerve center." *See Hertz*, 559 U.S. at 92–93 (A corporation's principal place of business "in practice . . . should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." (emphasis added)); *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 471 (9th Cir. 2018) (quoting *Hertz*, 559 U.S. at 97).

The OSC further explained that the Complaint failed to identify the citizenship of Defendant Teva Women's Health, LLC because although Plaintiff asserted that Teva Women's Health, LLC is "wholly owned" by Teva USA, as previously noted, Teva USA's citizenship was not adequately alleged. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (noting that the citizenship of

an unincorporated association, such as a limited liability company, "can be determined only by reference to all of the entity's members," and not the laws under which it is organized or where it is registered to do business (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)).

Plaintiff's Response and its FAC do appear to cure some of the deficiencies noted in the OSC. For example, Plaintiff alleges that Teva USA is a citizen of Delaware and New Jersey because it is a Delaware corporation with its principal place of business in New Jersey. FAC ¶ 9. Plaintiff also alleges that Teva Women's Health, LLC's sole member is Barr Pharmaceuticals, LLC, the sole member of which is Teva USA. Accordingly, the citizenship of Teva Women's Health, LLC is the same as that of Teva USA—Delaware and New Jersey. *Id.* ¶ 12.

However, Plaintiff's Response and its FAC do not adequately identify the principal places of business of The Cooper Companies, Inc. and CooperSurgical (collectively, "Cooper Defendants"). Indeed, the FAC's allegations are deficient for the same reasons the allegations in the Complaint were deficient as to the citizenship of these Defendants—that is, allegations as to the location of each Defendant's "headquarters" does not amount to the location of each Defendant's "principal place of business." For example, the FAC identifies the "headquarters" of the Cooper Defendants as located in California and Connecticut, respectively,

but fails to allege the location of the Cooper Defendants' principal places of business. *Id.* ¶¶ 14–15. The Response also does not provide any further information. *See, e.g.*, ECF No. No. 13 ¶ 5.

Although the allegations regarding TWH, Inc.'s citizenship are more nuanced, they are similarly inadequate. Plaintiff asserts TWH, Inc. is "a Delaware corporation with headquarters located [in] . . . Pennsylvania," yet is silent as to the location of TWH, Inc.'s principal place of business. FAC ¶ 11; *see* ECF No. 13 ¶ 4. That TWH, Inc. may be a wholly owned subsidiary of Teva USA, whose principal place of business is New Jersey, without more, bears not on the principal place of business of TWH, Inc. *See* FAC ¶¶ 9, 11; ECF No. 13 ¶¶ 2, 4; *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) ("The general rule . . . is that 'in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent[.]' The only recognized exception to this rule is where the subsidiary is the alter ego of the parent corporation." (citations omitted)); *see also Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 426 (9th Cir. 1977) (identifying "'alter ego' factors in the jurisdictional context" to include, among others, "whether the officers and directors of the two are the same; . . . whether separate books, bank accounts, tax returns, financial statements and the like are kept" (citation omitted)). Moreover, although Plaintiff alleges that TWH, Inc. "converted" into Teva

4

Women's Health, LLC pursuant to Delaware law and "continues to *operate as* [Teva Women's Health, LLC]," Plaintiff nevertheless fails to affirmatively allege the principal place of business of TWH, Inc.  FAC ¶ 12 (emphasis added).  Notably, Plaintiff does assert that the principal place of business of Teva Women's Health, LLC's sole member—Barr Pharmaceuticals, LLC—is New Jersey, but fails to explain whether and why that should be imputed to TWH, Inc.  *See generally* ECF No. 13.

For the foregoing reasons, the Court remains unable to ascertain whether diversity jurisdiction exists.  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiff must file a response to this Second Order to Show Cause by **November 16, 2020**, providing complete information concerning the citizenships of the named defendants.  Failure to timely respond to this Second Order to Show Cause will result in a finding that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

//

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 2, 2020.



Jill A. Otake
United States District Judge

CV 20-00443 JAO-RT; *Belmodis v. Teva Pharmaceuticals USA, Inc., et al.*; SECOND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE